1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10
   MICHAEL YOCHEM,                    ) CASE NO. SA CV 11-670-RGK (PJW)
11                                    )
                   Petitioner,        ) ORDER TO SHOW CAUSE WHY PETITION
12                                    ) SHOULD NOT BE DISMISSED
                      v.              )
13                                    )
   SUPERIOR COURT OF CALIFORNIA,      )
14 ORANGE COUNTY                      )
                                      )
15                                    )
                   Respondent.        )
16 _____)

17      On May 3, 2011, Petitioner filed a Petition for Writ of Habeas

18 Corpus, seeking to challenge his 1999 state court convictions for

19 burglary and assault with intent to commit a sex act and his sentence

20 of 14 years and four months.  (Petition at 2.)  In the Petition, he

21 claims that the trial court imposed illegal enhancements and that

22 there was a "lack of evidence" to support his conviction.  (Petition

23 at 3.)  For the following reasons, Petitioner is ordered to show cause

24 why his Petition should not be dismissed because it is time-barred.

25      State prisoners seeking to challenge their state convictions in

26 federal habeas corpus proceedings are subject to a one-year statute of

27 limitations.  28 U.S.C. § 2244(d).  Here, Petitioner's conviction

28 became final on July 24, 2001--90 days after the state supreme court

denied review and the time expired for him to file a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).[1]  Therefore, the statute of limitations expired one year later, on July 24, 2002. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner, however, did not file this Petition until May 2011, almost nine years after the deadline.  Absent tolling, the Petition is untimely and must be dismissed.[2]

The statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Petitioner does not expressly claim entitlement to equitable tolling, but he does alleges that he was unable to "fight his case or appeal it due to living conditions," and further implies that he had to "wait until [he] got an education" before he could file his Petition. (Petition at 4.)  This allegation is not sufficient to render his Petition timely. *See*, *e.g.*, *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that prisoner's "lack of legal sophistication" is not an extraordinary circumstance warranting equitable tolling).  Further, Petitioner has not explained how an inability to fight his case or appeal it in state court is linked to his own failure to file his federal Petition until 2011. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (holding that the burden

---

[1]  Petitioner did not state whether he filed a petition for review in the California Supreme Court. (See Petition at 5.)  The California appellate court website reveals, however, that a petition for review filed in his name was denied by the state supreme court on April 25, 2001.  See http://appellatecases.courtinfo.ca.gov/.

[2]  Petitioner states that he has not filed any previous petitions for habeas corpus or other collateral relief in state court. (Petition at 6.)  Therefore, he is not entitled to statutory tolling.

1  is on Petitioner to show that the "extraordinary circumstances" he has

2  identified were the proximate cause of his untimeliness, rather than

3  merely a lack of diligence).

4      IT IS THEREFORE ORDERED that, no later than **June 15, 2011**,

5  Petitioner shall inform the Court in writing why this case should not

6  be dismissed with prejudice because it is barred by the statute of

7  limitations.  Failure to timely file a response will result in a

8  recommendation that this case be dismissed.

9      DATED:    May <u>10</u>, 2011.

10

11  _____
    PATRICK J. WALSH
12  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  S:\PJW\Cases-State Habeas\YOCHEM, M 670\OSC dismiss pet.wpd

3